454

**UNITED STATES OF AMERICA,**
Appellee,

v.

**Avinoam DAMTI and Ofer Yosef,**
**Defendants–Appellants.**

**Docket Nos. 03–1682, 03–1711.**

United States Court of Appeals,
Second Circuit.

Sept. 13, 2004.

Nathan Z. Dershowitz, Dershowitz, Eiger & Adelson, New York, N.Y. (Amy Adelson on the brief), for Avinoam Damti,

Avraham C. Moskowitz, Moskowitz & Book, LLP, New York, NY, for Ofer Yosef.

Eric R. Komitee and John D. Buretta, Assistant United States Attorney, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, on the brief, and Susan Corkery, Assistant United States Attorney, of counsel), for Appellee.

PRESENT: WINTER, JACOBS, Circuit Judges.*

### SUMMARY ORDER

Defendants–Appellants Avinoam Damti ("Damti") and Ofer Yosef ("Yosef") appeal from sentences entered in the Eastern District of New York (Garaufis, *J.*) following convictions by a jury on charges stemming from alleged schemes to defraud and extort money from customers of their various moving businesses. Both defendants were convicted of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and four counts of wire fraud in violation of 18 U.S.C. § 1343. Damti was separately convicted of one count of receiving the proceeds of extortion in violation of 18 U.S.C. § 880. Yosef was separately convicted of two counts of extortion via interstate communication in violation of 18 U.S.C. § 875(d) and two counts of making false statements in an application submitted to the United States government in violation of 18 U.S.C. § 1001.

Damti and Yosef chiefly argue: (i) that the district court erred in excluding evidence of non-fraudulent moves performed by the defendants for allegedly satisfied customers; and (ii) that the district court erred either in admitting a redacted confession by a co-defendant against Damti or in allowing the Government to link the redacted confession to Damti during summation. Subsequent to oral argument in

this case, Damti and Yosef also have raised arguments under *Blakely v. Washington,* 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Familiarity with the facts and procedural history of this appeal is presumed.

### Exclusion of Alleged "Good Moves"

■ The defendants argue that the district court abused its discretion in preventing them from introducing evidence of moves in which customers were satisfied and no fraud or extortion occurred. The exclusion of these so-called "good moves" was considered at a pre-trial hearing. The trial court preliminarily ascertained whether the prosecution's theory assumed that the defendants (i) defrauded *all* of their customers, (ii) operated a business that was *"permeated* with fraud," or (iii) defrauded *only* the ten specific customers whose moves were being described during the trial.

The court concluded that the Government's case presumed that the defendants operated a business that was "permeated with fraud" but expressed concern that the jury might construe that allegation as one where "all customers were defrauded." It therefore instructed the Government not to use the phrase "permeated with fraud" (or any similar term) in front of the jury. The Government evidently abided by this instruction.

A district court "has wide discretion in controlling the admissibility of testimony and other evidence, and, absent a demonstration of abuse of discretion, its rulings will not be disturbed." *Zahra v. Town of Southold,* 48 F.3d 674, 686 (2d Cir.1995) (citations omitted). Evidence of past "good acts" by a defendant is generally not

---

* The Honorable Milton Pollack, Judge, United States District Court for the Southern District of New York, who sat by designation as a member of the panel, died following argument. The appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).

probative unless a defendant is alleged to have "always" or "continuously" committed "bad acts," *United States v. Scarpa,* 913 F.2d 993, 1010 (2d Cir.1990) (observing that "good acts" evidence "would only be relevant if the indictment charged [defendants] with *ceaseless* criminal conduct") (emphasis added), or where the evidence of "good acts" would undermine the underlying theory of a criminal prosecution, *United States v. Santos,* 201 F.3d 953, 962 (7th Cir.2000) (conceding that "good acts" evidence is relevant when the prosecution contends "that *every* transaction … was corrupt" or when the "good acts" evidence "cast[s] doubt on the government's theory" of how or why certain transactions occurred).

The Government did not allege to the jury that the defendants engaged in "ceaseless" criminal conduct, that "all" of the defendants' customers were defrauded, or that the defendants' business was "permeated with fraud." Instead, it argued to the jury that ten specific moves were fraudulent and therefore were representative of a substantial portion of the more than four-thousand moves performed by the defendants during the period relevant at trial. Even if many or most of these moves were fraudulent, it follows that a substantial portion also presumably were legitimate. Evidence of "good moves," therefore, would not have been probative of the key issue during trial. The district court did not abuse its discretion in excluding this evidence.

*Admission of the Redacted Confession of a Co–Conspirator*

■ During a search of defendants' offices, conducted pursuant to a search warrant on February 20, 2002, co-defendant, Shlomo Hababa cooperated with officers and placed principal responsibility for the alleged criminal conspiracy on Damti as the primary owner of the different moving businesses. Many material elements of Hababa's confession were recapitulated in the testimony of a federal agent to the jury, with Damti's name redacted and replaced with vague references to an unnamed "individual" who owned the moving businesses. To the extent this expedient obscured Damti's identity as that "individual," doubt was dispelled by the prosecution, who made clear during summation that the "individual" described in Hababa's confession was Damti.

The Supreme Court has blessed the use of redacted co-defendant confessions when combined with other trial protections. *See Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). On appeal, the defendants invite us to reconstrue *Bruton* and *Richardson* in light of the Supreme Court's recent holding in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004) that "[w]here testimonial evidence is at issue, however, the Sixth Amendment demands … unavailability and a prior opportunity for cross-examination" of the declarant. We decline to do so. The prosecutor's summation should not have linked Damti to Hababa's redacted confession, but by the time this lapse occurred there was an abundance of evidence before the jury that Damti was, in fact, the *de facto* owner of the allegedly fraudulent moving businesses. The prosecutor's linkage was therefore harmless.

*Blakely v. Washington*

As to *Blakely v. Washington,* 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, and *United States v. Fanfan,* No. 04–105 (to be argued October 4, 2004). Should any party believe there is a need for the

district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, we will not address Damti's and Yosef's Sixth Amendment appeal of their sentences until after the Supreme Court's decision of *Booker/Fanfan*. The parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker/Fanfan*.

The defendants also contend that the district court erred in (i) admitting various pieces of alleged hearsay evidence into the trial record, (ii) limiting the defense's cross-examination of certain witnesses; (iii) giving an allegedly misleading missing-witness charge to the jury; (iv) applying sentencing enhancements for the amount of the losses, the number of victims, the use of sophisticated means, and the violation of an administrative order; and (v) calculating appropriate restitution. In addition, Damti challenges the district court's calculation of a $1 million fine against him and Yosef challenges the enhancement of his sentence for obstruction of justice. We have examined all of these claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AF-FIRMED**.